UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARY CLARK                                      CIVIL ACTION

VERSUS

CIRCLE K STORES, INC., ET AL.          NO. 3:13-cv-00210-BAJ-RLB

RULING, ORDER & JUDGMENT

Before the Court is Defendant Circle K Stores, Inc.'s ("Circle K") **MOTION FOR SUMMARY JUDGMENT (Doc. 7),** seeking an order dismissing Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 56, and, further, assigning costs to Plaintiff, (*id.* at p. 1). Plaintiff Mary Clark ("Clark") and Intervenor Plaintiff Liberty Insurance Corporation ("Liberty Insurance") oppose the motion. (Docs. 8, 10).[1] Circle K has been allowed to file a reply to Clark's opposition, (Doc. 11-2). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

I.    BACKGROUND

On December 21, 2012, Clark sued Circle K and its insurers, seeking damages and other relief for injuries arising from a trip and fall accident. (Doc. 1-4). The action was initiated in the 18th Judicial District Court, Parish of West Baton Rouge, Louisiana and removed to this Court on April 2, 2013. Prior to removal, an Ex Parte Motion for Leave to Intervene was filed and granted, allowing Liberty Insurance to intervene on the grounds that, as the Louisiana State Workers'

---

JURY    [1] Unless otherwise indicated and necessary for clarity, Clark and Liberty Insurance will be collectively referred to as "Clark."

Compensation Insurer, it has compensated Clark as a result of the incident and is entitled to be paid first out of any judgment or settlement.

Clark claims that on December 22, 2011, she was walking from the bathroom to her truck outside Circle K's store in Port Allen, Louisiana, when she tripped and fell due to an unmarked ramp near the store's entrance. Clark claims that she was injured as a result of the fall and that the ramp constitutes a hazardous condition created by Circle K's negligence and carelessness. (*See generally* Doc. 1-4). Specifically, Clark alleges that Circle K failed to: (1) put patrons on notice as to the existence of a hazardous situation and/or the necessity of exercising a higher than ordinary degree of care; (2) provide and maintain safe premises for the protection of its patrons; (3) take the proper safety precautions to avoid the accident; and (4) properly inspect the premises and warn patrons of a known hazardous condition which Circle K knew or should have known was likely to cause serious damage. (Doc. 1-4 at p. 3).

The evidence establishes the following facts: Clark's claims arise from a trip and fall on the premises of Circle K's Port Allen store. (*See* Doc. 7-3 (Circle K's Statement of Uncontested Facts); Doc. 10-2 (Liberty Insurance's Opposition to Circle K's Statement of Uncontested Facts)). At the time of the accident, it was not dark outside, but the sun was beginning to set. (Doc. 7-3 at ¶ 2; Doc. 10-2 at ¶ 2). Prior to her accident, Clark entered the Circle K store and asked for the location of the restroom. She then exited the store and walked along the raised curb or

2

sidewalk that ran along the front of the store to the back of the exterior of the store and used the restroom. (Doc. 7-3 at ¶ 3; Doc. 10-2 at ¶ 3).

When she exited the restroom, Clark "hopped down" into the parking lot and walked parallel to the curb before tripping over the ramp leading to Circle K's front doors. (Doc. 10-4 at p. 7). Clark fell. (*Id.*). Nothing obstructed Clark's view of the area where she fell. (*See id.* at pp. 11–12). According to Circle K's Territory Service Manager for the region including the Port Allen store, no other patron or employee had previously reported problems with the ramp. (Doc. 7-5). Further, Circle K has no record of any other slips, trips or falls on or around the area of the ramp, and Clark is the only person known to have fallen there. (Doc. 7-3 at ¶¶ 4-9; Doc. 10-2 at ¶¶ 4-9).

Circle K now seeks summary judgment on the issue of liability, arguing that Clark has failed to produce sufficient evidence that the ramp was defective and/or that Circle K had actual or constructive knowledge of the alleged defect. Clark opposes Circle K's motion, arguing that "genuine issues of material fact do exist," and, accordingly, that "[Circle K's] motion for summary judgment should be denied." (Doc. 8 at p. 1).

II. **LEGAL REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). After a proper motion for

3

summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. LAW AND DISCUSSION

The law on premises liability related to this case is found in Louisiana Civil Code Articles 2317 and 2317.1. Article 2317 states, in pertinent part:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.

Article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of

4

reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Accordingly, in order to prove a case under this statute, Clark must establish that: (1) Circle K had custody of the ramp; (2) the ramp contained a defect (condition creating an unreasonable risk of harm); (3) the defective condition caused Clark's injuries; (4) Circle K had actual or constructive knowledge of the defect; and (5) the damage could not have been prevented by the exercise of reasonable care. *Ports v. Circle K Stores, Inc.*, 395 F.Supp.2d 442, 445 (W.D. La. 2005).

Circle K concedes that it had custody of the ramp at issue. However, Circle K asserts that Clark cannot establish that an unreasonably dangerous condition exists on its premises. In addition, Circle K contends, assuming *arguendo* that the ramp constitutes a hazard, Clark cannot show that Circle K had prior knowledge of any problems with the ramp. (Doc. 7-2 at p. 1). Because the Court concludes that Clark fails to meet her burden of showing a defect, it does not address the question whether Circle K had actual or constructive knowledge of a defect.

**A. Whether Circle K's Ramp Contained a Defect or Created a Hazard**

Circle K maintains that the ramp is not defective. First, Circle K points out (and Clark admits) that the ramp is not in disrepair, (Doc. 7-4 at pp. 75-76), and submits photographs verifying the condition of the ramp, as well as an affidavit stating that the photographs depict the ramp in the condition it was in at the time of Clark's fall. (Doc. 9-3; Doc. 7-5 ¶ 4). Second, Circle K points out (and Clark

5

admits) that Clark's view of the ramp was unobstructed. (*Id.* at p. 76). Third, Circle K has produced an affidavit from its Territory Service Manager stating that "no other patron and/or Circle K employee had reported or complained of any problems and/or issues with the ramp." (Doc. 7-5 at ¶ 4). Therefore, barring specific evidence to the contrary, Circle K argues that the ramp did not create an unreasonable risk of harm.

The only evidence provided by Clark in support of her claim that the ramp contains a defect is her deposition testimony and a crudely drawn, unscaled sketch of the Circle K parking lot. (Docs. 10-4, 10-5). Clark has produced no affidavits, no expert testimony,[2] and no reference to any standards or codes that govern ramp safety or design.[3] In addition, Clark has produced no photographs,[4] measurements, or additional evidence that would lend support to her allegations.

---

[2] Despite Clark's indication in her Memorandum in Opposition to Motion for Summary Judgment that "expert analysis" is to be conducted, the deadline for expert reports has passed. (Doc. 8 at p. 4; Doc. 6 at ¶ 2).

[3] Examples of competent factual support in the context of premises liability include expert testimony, records indicating a history of accidents resulting from the alleged defect, or reference to building codes or industry standards that the defect allegedly violates. *See Odom v. Siegel*, 48,757 (La. App. 2 Cir. 1/15/14), 130 So.3d 1024, 1028 (requiring "competent factual support" such as "expert testimony" to establish that an allegedly defective object "was improper, dangerous, violated a building code or otherwise presented an unreasonable risk of harm."); *Labit v. Palms Casino & Truck Stop, Inc.*, 2011-1552 (La. App. 4 Cir. 5/9/12), 91 So.3d 540, 544, *writ denied*, 2012-1310 (La. 9/28/12), 98 So.3d 843 (requiring "competent evidence" to establish that (1) the thing was defective or that (2) the custodian knew or should have known that the condition posed an unreasonable risk, "such as expert testimony stating [that the thing was an unreasonable risk of harm] and not in line with applicable building codes and industry standards and/or records indicating a history of accidents due to [the condition]."); *Rivers v. Broussard*, 2006-1543 (La. App. 3 Cir. 6/27/07), 964 So. 2d 411, 414 (holding that plaintiff was unable to prove that a defect in a road existed where there was no expert testimony or evidence that any standards were violated).

Simply put, the evidence presented by Clark is insufficient to carry her burden. Clark's "evidence" amounts to self-serving deposition testimony and a hand drawn picture. The law is well-settled, however, that "unsubstantiated assertions are not competent summary judgment evidence." *Grimes v. Texas Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996); *see also Monson v. Travelers Prop. & Cas. Ins. Co.*, 06-921 (La. App. 5 Cir. 4/24/07), 955 So.2d 758, 761 ("[If] the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact."). Thus, having failed to produce anything to substantiate her self-serving deposition testimony, Clark has failed to meet her burden to show a genuine dispute regarding whether the ramp she tripped over was defective, and her claims cannot survive summary judgment. Fed. R. Civ. P. 56.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Circle K's **MOTION FOR SUMMARY JUDGMENT (Doc. 7)** is **GRANTED**. Clark's claims against Circle K are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Circle K's request "that all costs be taxed against Plaintiff" is **DENIED WITHOUT PREJUDICE**. Should Circle K choose, it shall file a schedule of reasonable costs for which it seeks reimbursement no later

---

[4] Liberty Insurance attached two exhibits containing photographs. (Doc. 10-6, 10-7). However, those exhibits are simply reproductions of photographs already in the record, submitted by Circle K.

than 30 days from the date of entry of judgment in this matter, in accordance with this Court's Local Rules. *See* M.D. La. LR54.3. Clark shall then have an additional 7 days to submit "[s]pecific objections" to any costs claimed by Circle K. *Id.* at LR54.4.

**IT IS FURTHER ORDERED** that judgment be entered in favor of Defendant Circle K and against Plaintiff Clark and Intervenor Plaintiff Liberty Insurance in this matter.

Baton Rouge, Louisiana, this 13th day of August, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**